UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| KEVIN BABCOCK<br><br>                    Plaintiff,<br><br>vs.<br><br>WORLD ACCEPTANCE CORPORATION<br><br>                    Defendant. | C/A #   8:16-cv-00050-MGL<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. The Defendant World Acceptance Corporation is a South Carolina corporation with its principal place of business, "nerve center" and headquarters in the County of Greenville, South Carolina.

3. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1331 (federal question) because this action arises under the laws of the United States.

## FACTUAL ALLEGATIONS

4. Defendant World Acceptance is a maker of subprime, supervised, and/or restricted loans with offices throughout South Carolina.

5. Plaintiff does not owe World Acceptance any debt.

6. In or around August of 2015 Defendant began contacting Plaintiff on his cell phone repeatedly to collect a debt owed by "Heather Gill."

7. In the above calls, Defendant represented that it was "urgent" that they talk to Ms. Gill.

8. Upon information and belief, Defendant was attempting to collect a debt it asserted was owed by Ms. Gill.

9. Plaintiff is unrelated to Heather Gill, has no relationship to her, and no knowledge of the whereabouts of the person; upon information and belief, Defendant had the wrong number.

10. Plaintiff repeatedly advised Defendant of the foregoing; nevertheless, Defendant's automated telephone dialer repeatedly contacted Plaintiff's cell phone, forcing him to engage in the above futile exercise repeatedly.

11. Defendant's conduct violates federal law, including but not limited to the Telephone Consumer Protection Act. Defendant's conduct further violates the South Carolina Consumer Protection Code and South Carolina Unfair Trade Practices Act.

12. As a direct and proximate result of the Defendant's illegal acts, Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION
### (Violations of TCPA)

13. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

14. Defendant's telephonic activities are governed, in part, by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.

15. Plaintiff never provided Defendant with consent to contact his cell phone.

16. Plaintiff expresly advised Defendant upon its first call he did not wish to be called on his cell phone, and that the Defendant had the wrong number.

17. Every call made by the Defendant following the first call was made with actual notice that Defendant was contacting Plaintiff, who had not given consent to be called (and had expressly revoked any consent which might otherwise have existed).

18. Plaintiff is informed that Defendant thereafter continued to contact Plaintiff on his cellular telephone, with an automated dialing system or otherwise.

19. Plaintiff is informed and believes that Defendant committed the above violations multiple times, and that said violations were willful.

20. Plaintiff is informed and believes that he is entitled to recover $1,500.00 per violation, plus such other damages, penalties, attorney's fees and costs as allowed by law.

21. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Unconscionable Conduct; S.C. Code 37-5-108)

22. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

23. The transaction upon which Defendant called Plaintiff was, upon information and belief, a consumer transaction.

24. Upon information and belief, the Defendant engaged in unconscionable conduct in these particulars and such others to be proven at trial:
    a. communicated with Plaintiff at frequent intervals;

      b. caused a telephone to ring repeatedly during a twenty-four hour period or engaged in telephone conversations with intent to annoy, abuse, and harass;

25. Judgment should be granted to Plaintiff for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## FOR A THIRD CAUSE OF ACTION

### (Unfair Trade Practices)

26. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

27. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

28. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

29. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

30. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's

fees, and such other relief as is just and proper.

                                     DAVE MAXFIELD, ATTORNEY, LLC

                         By:     s/ Dave Maxfield
                                David A. Maxfield, FED ID # 6293
                                5217 N. Trenholm Road, Suite B
                                Columbia, SC 29206
                                803-509-6800

Dated: January 7, 2016

Anderson, South Carolina